1  JAMES J. BANKS (SBN 119525)
   ROBERTA LINDSEY SCOTT (SBN 117023)
2  BANKS & WATSON
   Hall of Justice Building
3  813 6th Street, Suite 400
   Sacramento, CA  95814-2403
4  Telephone:  (916) 325-1000
   Facsimile:   (916) 325-1004
5
   Attorneys for Petitioner
6  STEPHEN J. DOUGAN

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  STEPHEN J. DOUGAN,                    No.:

12              Petitioner,              **PETITION TO QUASH INTERNAL
                                         REVENUE SERVICE SUMMONS
13      v.                               PURSUANT TO 26 U.S.C. SECTION
                                         7609(b)(2)**
14  UNITED STATES OF AMERICA,
                                         **(REQUEST FOR PROCEDURAL
15              Respondent.              MECHANISM REGARDING PRIVILEGES)**

16

17      Petitioner Stephen J. Dougan ("Petitioner") on personal knowledge as to his own activities avers

18  the following:

19                        **INTRODUCTION**

20      1.      This is a proceeding pursuant to 26 U.S.C. section 7609(b)(2) to quash an Internal

21  Revenue Service ("IRS") summons served by IRS Revenue Agent, Crystal Langston (ID #0507174),

22  upon First Northern Bank, at Dixon, California.

23      2.      Petitioner is an attorney licensed by the State of California and a member of the

24  California State Bar.  He practices personal injury law at his offices located at 3017 Douglas Boulevard,

25  Suite 300, Roseville, California 95661.  Petitioner is the subject of an IRS audit of his income for tax

26  years 2008 and 2009.  Petitioner's clients are not the subject of any such audit; their identities are not

27  relevant to the accuracy of Petitioner's tax returns.

28

3. As part of its audit, the IRS has issued a summons to First Northern Bank seeking all of Petitioner's banking records. In particular, the IRS has sought statements and records pertaining to petitioner's client trust account, which he is obliged to maintain pursuant to California Business and Professions Code section 6211 and Rule 4-100 of the California Rules of Professional Conduct.

4. The basis for the Petition is that the summons seeks information, namely client identities, that does not and will not "throw light" on the correctness of Petitioner's returns and therefore fails to meet the standards of relevancy under 26 U.S.C. section 7602. Further, production of the documents as summoned by the IRS contravenes the attorney-client privilege between Petitioner and his clients, and requires him to violate his obligations under subdivision (e) of section 6068 of the Business and Professions Code to preserve his clients' confidences.

**PARTIES**

5. Petitioner is a licensed attorney working in Placer County, California. He is a "person who is entitled to notice of a summons" within the meaning of 26 U.S.C. section 7609.

6. The IRS is a United States government administrative agency.

**JURISDICTION AND VENUE**

7. This is an action pursuant to 26 U.S.C. section 7609(b)(2) to quash the IRS' summons of Petitioner's banking and financial records served on First Northern Bank. This Court has jurisdiction over this proceeding pursuant to 26 U.S.C. section 7609(h)(1) as First Northern Bank operates within the Eastern District of California. The address on the Summons is PO Box 547, Dixon, CA 95620. Petitioner is informed and believes First Northern Bank's administrative offices are located at 195 N. First Street, Dixon, CA 95611.

**PETITION TO QUASH**

8. Petitioner, a licensed attorney, is, and at all times herein relevant was, required to maintain a client trust account in which to deposit cost advances and retainers paid by clients and to maintain and disburse client settlement funds. CAL. BUS & PROF. CODE § 6211; CAL. RULES OF PROF'L CONDUCT R. 4-100. Petitioner complied with his duty by establishing and maintaining a client trust account at First Northern Bank in Dixon, California.

9.    Petitioner's status as an attorney involves certain obligations and responsibilities with respect to client confidences and privileges. "[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). It serves one of the most important policies in our legal system. The Supreme Court has articulated that its purpose "is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981).

10.   The privilege extends to cover both the substance of the client's confidential communications and the attorney's advice in response. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992); *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977).

11.   "The attorney-client privilege applies to communications between lawyers and their clients when the lawyer acts in a counseling and planning role, as well as when lawyers represent their clients in litigation." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).

12.   The names or identities of an attorney's clients are subject to the attorney-client privilege where disclosure *might* serve to make the client the subject of an official investigation or expose him or her to criminal or civil liability. *See, e.g., Baird v. Koerner*, 279 F.2d 623, 632 (9th Cir. 1960); *Hay v. Woods*, 25 Cal.3d 772, 285 (1979).

13.   Under Federal Evidence Rules, Rule 501, the client, whether or not a party, has a privilege to refuse to disclose and to prevent another from disclosing, a confidential communication between the client and the lawyer.

14.   California Business and Professions Code section 6068, subdivision (e), requires Petitioner to "maintain inviolate the confidence, and at every peril to himself to preserve the secrets, of his or her client." Rule 3-100 of the Rules of Professional of Conduct requires Petitioner not to reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e), without the informed consent of the client, unless Petitioner reasonably believes that disclosure is

1   necessary to prevent a criminal act, which he reasonably believes is likely to result in the death of, or

2   substantial bodily harm to an individual. That sole exception obviously has no applicability here.

3       15.     The body of information protected by Petitioner's duty of confidentiality is broader than

4   that which is protected by the attorney-client privilege. Cal. State Bar Formal Opns. 1993-133, 1988-96,

5   1986-87, 1981-58, and 1980-52; RESTATEMENT (THIRD) LAW GOVERNING LAWYERS § 59.

6       16.     Given the foregoing, Petitioner is under a duty of confidentiality with respect to his

7   clients including that they sought him out for legal advice and/or counseling. Petitioner is under a duty

8   to prevent the unauthorized disclosure of privileged information, including any disclosure by himself.

9   Petitioner also is under a duty to mitigate the unauthorized disclosure of privileged and confidential

10   information.

11       17.     Petitioner receives retainers and/or cost advances from clients in conjunction with his

12   legal representation of the clients. These moneys together with moneys derived from litigating or

13   settling clients' cases are deposited into his client trust account maintained at First Northern Bank.

14   Ledger entries, documentation or annotations pertaining to the trust account identify Petitioner's clients

15   providing or receiving these moneys. Petitioner periodically transfers funds from his client trust account

16   into his general operating account. At all relevant times, Petitioner's client trust, general operating

17   account and personal accounts were maintained at First Northern Bank.

18       18.     Checks, ledgers, journal entries and/or other documentation relating to deposits, transfers,

19   or withdrawal of funds from Petitioner's client trust account and/or general operating account bear

20   annotations disclosing the clients' identities. When the proceeds of a settlement or judgment in a

21   litigation matter are paid to a client, the check drawn on Petitioner's trust account will identify that client

22   in the payee line of the check.

23       19.     Petitioner was notified by the IRS that it was auditing his federal tax returns for calendar

24   years 2008 and 2009.

25       20.     At all times here in relevant Petitioner was, and remains willing to meet with and to

26   provide to the IRS all requested non-privileged, relevant information to assist it in its audit.

27   Specifically, Petitioner is, and remains, willing to provide relevant, responsive documents and copies of

28   checks and bank statements from his personal accounts and his business account, subject to any client

references in the "re line" being first redacted.  Petitioner also remains open to discussions regarding providing the IRS with copies of all bank statements from his attorney-client trust account for the pertinent time periods, again subject to redacting any client identifying information.  The IRS has not availed itself of this offer or opportunity.

21.     The IRS did not give Petitioner the opportunity to discuss the issues which are the subject of this Petition.  Specifically, without affording Petitioner a reasonable opportunity to meet with the IRS Revenue agent, the IRS sent Petitioner on or about May 18, 2011, a Notice of Income Tax Examination Changes for 2008 containing proposed adjustments resulting in excess of $322,000 in tax deficiencies, penalties and interest. Petitioner filed a responsive Protest to the proposed adjustments on or about August 11, 2011.  Separately, the IRS has not communicated any basis for its audit for tax year 2009.

22.     The IRS served a summons on First Northern Bank on or about June 30, 2011 requesting all books, papers, records and other data concerning all accounts in which Petitioner is identified as having any ownership interests, signatory privileges, rights to make withdrawals or for which he is shown as the trustee, co-signer, guardian, custodian or beneficiary, including Petitioner's client trust account.  A true and correct copy of the summons is attached hereto as Exhibit A.

23.     The IRS summons requires First Northern Bank to produce documents and/or provide testimony relating to Petitioner's accounts, which documents and testimony are irrelevant and immune from disclosure under the attorney-client privilege and/or are subject to Petitioner's duties of confidentiality to his clients.

24.     The IRS' summons is statutorily limited by the relevancy parameters codified in 26 U.S.C. section 7602.  The standard for relevancy is whether the material summoned "might have thrown light upon the correctness of the return." *U.S. v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984).

25.     The IRS summons requires First Northern Bank to produce documents and/or provide testimony disclosing the names or identities of Petitioner's clients.  Client names are irrelevant to the IRS' audit under 26 U.S.C. section 7602, which merely concerns the accuracy of Petitioner's 2008 and 2009 returns. *David H. Tedder & Assocs., Inc. v. United States*, 77 F.3d 1166, 1170 (9th Cir. 1996).

26.     While the IRS has broad power to issue summonses under Internal Revenue Code section 7602, its power remains "subject to the traditional privileges and limitations." *United States v. Euge*, 444 U.S. 707, 714 (1980).

27.     It is nearly certain that the summons at issue will result in the unauthorized disclosure of irrelevant but privileged and confidential information if the proposed procedural mechanisms requested herein are not put in place.   In particular, Petitioner's clients have rights of financial privacy and importantly are *not* the subject of the IRS audit spawning this litigation.

28.     The IRS has not disclosed the reason it seeks copies of checks or documents revealing the names or identities of Petitioner's clients.  However, the IRS' needs can be satisfied by designating a United States Magistrate Judge pursuant to 28 U.S.C. section 636, subdivision (b)(3) and Eastern District Local Rule 302, subdivision (c)(10) to inspect each of the items in question to confirm that in fact the checks are made to persons other than the Petitioner, and certify that none of the checks with names redacted provided to the IRS were in fact made to Petitioner, thereby satisfying the only conceivable concerns of the IRS while at the same time preserving Petitioner's obligation to preserve his clients' secrets and confidences.

29.     Petitioner also requests that the Court designate the United States Magistrate Judge to conduct an *in camera* review of all documents to be produced under the IRS' summons, hear Petitioner's objections as to privilege and client confidentiality, relevancy and overbreadth and make rulings thereon following briefing by the parties as appropriate.

30.     The Petitioner also requests that any IRS interviews or the taking of testimony of any employees of First Northern Bank be conducted before the United States Magistrate Judge, in the presence of Petitioner and his counsel, so that Petitioner can preserve privileges, make objections, as appropriate, and submit those objections to the United States Magistrate Judge for ruling.

31.     Finally, the Petitioner requests that the United States Magistrate Judge make all appropriate findings and recommendations to the United States District Court required under 28 U.S.C. section 636, subdivision (b)(3) concerning the issues raised in this Petition to Quash.

32.     In the absence of the proposed procedural mechanisms, the risk of the unauthorized disclosure of privileged information (which is irrelevant to the IRS' examination) is high.

33.   Similar procedural mechanisms have been adopted in situations involving IRS summonses seeking privileged information. *See, e.g.*, *United States v. Ackert*, 169 F.3d 136, 138 (2d Cir. 1999) (requiring interview by IRS to be conducted before magistrate judge so that taxpayer could assert privileges); *United States v. Jones*, 1999 U.S. Dist. LEXIS 16855, 1-2 (D.S.C. 1999) (allowing presence of taxpayer at IRS interview due to privilege concerns).

WHEREFORE, Petitioner Dougan respectfully requests the Court order as follows:

A.   Designate a United States Magistrate Judge pursuant to 28 U.S.C. section 636, subdivision (b)(3) and Eastern District Local Rule 302, subdivision (c)(10) to inspect summoned documents pertaining to Petitioner's client trust account  or any other summoned documents revealing Petitioner's clients' names or identities sought under the summons, which Petitioner has identified as client payments to assure those instruments are made to Petitioner's clients and not Petitioner, and so report to the IRS, after which the checks themselves may be transmitted with the client names redacted.

B.   Petitioner respectfully requests that this Magistrate Judge be empowered, as to other documents, to inspect those documents *in camera* and in Petitioner's presence so that he can assert any particular privileges, confidentiality issues or relevancy issues for the Magistrate Judge's ruling following, as appropriate, briefing by the parties, following which, and as appropriate, the Magistrate Judge may make findings and recommendations to this Court.

C.   After all issues with respect to the documents have been resolved, provide copies of all redacted, non-privileged, responsive documents to the IRS and a list of documents to Petitioner.

D.   Provide that at any IRS interviews or taking of testimony of Petitioner or of any employees of First Northern Bank be conducted before the Magistrate Judge in the presence of Petitioner and his counsel so that Petitioner can assert the attorney-client and other privileges as appropriate to any testimony given at the hearing, and make other appropriate objections, including relevancy, for determination by the Magistrate Judge.

E.   Quash the summons to the extent that it demands production of documents or testimony protected by the attorney-client privilege, the clients' privacy rights and interests, or that are irrelevant to the IRS' investigation or are otherwise improper.

F.   Require the return of any privileged materials held by the IRS.

1       G.     The United States Magistrate Judge shall, as appropriate, and/or required under 28 U.S.C.

2  section 636, subdivision (b)(3) make such other findings and recommendations to this Court as

3  appropriate and/or required.

4       H.     Provide such other and further relief as the Court deems just and appropriate.

5

6  DATED:  July 20, 2011                BANKS & WATSON

7

8                          By:      /s/ Roberta Lindsey Scott
                             ROBERTA LINDSEY SCOTT

9                             Attorneys for Petitioner STEPHEN J. DOUGAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

4681 001 JLY

#  Summons

**REDACTED**

In the matter of  Stephen J Dougan
Internal Revenue Service (Division):  SMALL BUSINESS/SELF EMPLOYED
Industry/Area (name or number):  CALIFORNIA EXAM AREA 7
Periods: YEAR ENDED DECEMBER 31, 2008 AND DECEMBER 31, 2009

### The Commissioner of Internal Revenue

To: FIRST NORTHERN BANK,

At: PO BOX 547, DIXON, CA  95620

You are hereby summoned and required to appear before  Crystal Langston, Revenue Agent, ID # 0507174, or designated agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown

SEE ATTACHED

Please contact the issuing agent, Crystal Langston, immediately by telephone if you expect the cost of complying with the
summons will exceed $250 using the statutory reimbursement rates.

---

**Do not write in this space**

---

Business address and telephone number of IRS officer before whom you are to appear:
Crystal Langston, Revenue agent, # 0507174- 4330 Watt Avenue, Sacramento, California, 95821, (916) 974-5487

Place and time for appearance at  BY MAIL ON BUT NOT BEFORE DUE DATE

AT 4330 WATT AVENUE, MS-3102-CL, SACRAMENTO, CALIFORNIA 95821

**IRS**

Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev 12-2001)
Catalog Number 21405J

on the ___29TH___ day of ___JULY___ _2011_ at ___12___ o'clock ___P___ m
                                          *(year)*
Issued under authority of the Internal Revenue Code this _30TH_ day of ___JUNE___ _2011_
                                                                              *(year)*

_____        REVENUE AGENT ID # 0507174
Signature of issuing officer                              Title

_____        GROUP MANAGER ID # 05-07324
Signature of approving officer *(if applicable)*           Title

Part C  —  to be given to noticee

**Internal Revenue Service**
**Small Business and Self-Employed**

**Department of the Treasury**
4330 Watt Avenue
Sacramento  CA  95821

REDACTED

Date:  June 30, 2011

Douglas Youmans
10640 Mather Blvd. #200
Mather CA  95655

**Taxpayer Name:**
DOUGAN, STEPHEN J
**Taxpayer Identification Number:**

**Form Number:**
1040
**Year(s):**
2009, 2008
**Person to Contact/ID Number:**
Crystal Langston          0507174
**Contact Telephone Number:**
916-974-5487
**Contact Fax Number:**
916-974-5159

Dear Douglas Youmans:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file.  For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Crystal Langston
Revenue Agent

Enclosures:
☐  Letter(s)
☐  Report(s)
☐  Copy of Determination Letter
☒  Other Summons

**Letter 937 (Rev. 11-2006)**
Catalog Number 30760X



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned under oath, as may be relevant or material to such inquiry

(b) Purpose may include inquiry into offense - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws

(c) Notice of contact of third parties. -

(1) General Notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made

(2) Notice of specific contacts - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer

(3) Exceptions - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation

(d) No administrative summons when there is a Justice Department referral -

(1) Limitation of authority - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect - For purposes of this subsection-

(A) In general - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person

(B) Termination - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such offense, or

(III) he will discontinue such a grand jury investigation

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately - For purposes of this subsection each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately

(e) Limitation on examination on unreported income - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income

---

Authority to examine books and witnesses is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper - For purposes of paragraph (1) the term third-party recordkeeper means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law. any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U S C 78c(a)(4)));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony or production of books, papers, records, or other data

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience

[1] Or United States magistrate, pursuant to P L. 90-578

## Sec. 7605. Time and place of examination

(a) Time and place - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons

## Sec. 7610. Fees and costs for witnesses

(a) In general - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons

(b) Exceptions - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such

(c) Summons to which section applies - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers shall, upon conviction thereof be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution

Form 2039 (Rev 12-2001)

**To:** Stephen J Dougan

**Date:** 6-30-11

**Address:** 3017 DOUGLAS BLVD  #300, ROSEVILLE, CA  95661

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner

3. Name the United States as the respondent

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity

6. Identify and attach a copy of the summons

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B)

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



**Department of the Treasury**
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev  12-2001)
Catalog Number 21405J

Part D — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

**(a) Notice–**

(1) In general – If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined  Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons

(2) Sufficiency of notice – Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person. or, in the absence of a last known address, is left with the person summoned  If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person. even if such person or fiduciary is then deceased. under a legal disability, or no longer in existence

(3) Nature of summons – Any summons to which this subsection applies (and any summons to which of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons

**(b) Right to intervene; right to proceeding to quash –**

(1) Intervention – Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604

(2) Proceeding to quash –

(A) In general – Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)  In any such proceeding, the Secretary may seek to compel compliance with the summons

(B) Requirement of notice to person summoned and to Secretary – If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)

(C) Intervention, etc – Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A)  Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding)

**(c) Summons to which section applies –**

(1) In general – Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612

(2) Exceptions – This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued  or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of–

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(E) – (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(F) described in subsection (f) or (g)

(3) Records – For purposes of this section, the term records includes books, papers, and other data

**(d) Restriction on examination of records** – No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made –

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash

**(e) Suspension of Statute of Limitations –**

(1) Subsection (b) action – If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person). then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein. with respect to the enforcement of such summons is pending

(2) Suspension after 6 months of service of summons – In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period–

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response

**(f) Additional requirements in the case of a John Doe summons –**

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that –

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources

**(g) Special exception for certain summonses.** –

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged. that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records

**(h) Jurisdiction of district court; etc. –**

(1) Jurisdiction – The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g)  An order denying the petition shall be deemed a final order which may be appealed

(2) Special rule for proceedings under subsections (f) and (g) – The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits

**(i) Duty of summoned party –**

(1) Recordkeeper must assemble records and be prepared to produce records– On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested. or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate – The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination

(3) Protection for summoned party who discloses – Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure

(4) Notice of suspension of statute of limitations in the case of a John Doe summons – In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f)

**(j) Use of summons not required** –

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602

## ATTACHMENT TO SUMMONS/SUBPEONA

Issued to:  First Northern Bank
In the matter of:  Stephen J. Dougan
Address:  400 Capitol Mail, # 300, Sacramento, CA  95814
Periods:  Ended December 31, 2008 and December 31, 2009

For the periods specified above, please furnish all books, papers, records, and other data concerning all accounts in which the above-named individual(s) is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which the above-named individual(s) is shown as the trustee, co-signer, guardian, custodian, or beneficiary.  This request for records includes, but is not limited to:

1. **PRIVATE BANKING** including all agreements, contracts, records, books, ledgers, and other documents relating to all of the "Private Banking" agreements and relationships.

2. **SAVINGS ACCOUNT RECORDS** including signature cards, ledger cards or records showing dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued, and exempt status documentation.

3. **CHECKING ACCOUNT RECORDS** including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records of all debit and credit memos, Forms 1099 issued, and exempt status documentation.

4. **PURCHASES OF BANK CHECKS** including cashier's, teller's, or traveler's check records, or money order records including the check register, file copies of the checks or money orders, records showing the date and source of payment for such checks or money orders.

5. **OTHER RECORDS** including records of Currency Transaction Reports (Form 4789), certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts.  Such records include those that show the date and amount of the transaction, method (cash or check) and source of payment, destination, recipient, instruments, and statements of transactions.

Please furnish the statements, account application(s), and signature card(s) in advance of the other documents requested by this summons.  We will review the statements and a copy with specific transactions noted for production of detailed records will be returned for completion of this summons.

Personal appearance is not necessary if the required records are received by mail by the date specified in the summons.  A cover letter is required which outlines the information and records provided.

RECORD FORMAT:  Please provide all information on CD if available.

1

1  | BANKS & WATSON
2  | **CASE NAME:** *Stephen J. Dougan v. United States of America*
   | **COURT:**     United Stated District Court for the Eastern District of California
   | **CASE NO:**
3
4  | **PROOF OF SERVICE**

5  | STATE OF CALIFORNIA            )
   |                               ) ss.
6  | COUNTY OF SACRAMENTO           )

7  |     At the time of service, I was over 18 years of age and not a party to this action.  My business address is 813 Sixth Street, Suite 400, Sacramento, California 95814.

8

9  |     On July 20, 2011, I served the within copy of:

10 | **PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONS
   | PURSUANT TO 26 U.S.C. SECTION 7609(b)(2)**

11 | on the person(s) below, as follows:

12 | CIVIL PROCESS CLERK                    MS. CRYSTAL LANGSTON
   | UNITED STATES ATTORNEY'S OFFICE        REVENUE AGENT
13 | 501 I STREET, SUITE 10-100             INTERNAL REVENUE SERVICE
   | SACRAMENTO, CA  95814                  4330 WATT AVENUE
14 |                                        SACRAMENTO, CA  95821

15 | ATTORNEY GENERAL OF THE U.S.           MS. ANN MARIE MELOY
   | U.S. DEPARTMENT OF JUSTICE             FIRST NORTHERN BANK
16 | 950 PENNSYLVANIA AVENUE, NW            P.O. BOX 510
   | WASHINGTON, DC  20530-0001             DIXON, CA  95620
17
18 |                                        FIRST NORTHERN BANK
   |                                        P.O. BOX 547
19 |                                        DIXON, CA  95620

20 | (✓)   **BY UNITED STATES CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – I enclosed the document in a sealed envelope or package addressed to the person(s) at the
21 | address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this office's practice for collection and
22 | processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States
23 | Postal Service, in a sealed envelope with postage fully prepaid.  I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sacramento,
24 | California.

25 |     I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.  Executed on July 20, 2011, at Sacramento, California.
26
27
   |                                        _____
28 |                                        /s/ Esther Poma
   |                                        Esther Poma